

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 7, 2020

**BY ECF AND EMAIL**

## MEMO ENDORSED

The Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States v. Cristian Ulmanu*, 19 Cr. 651 (LTS)

Dear Judge Swain:

The Government respectfully submits this letter in response to the Court's December 7, 2020 order (the "Order" (Dkt. 391)) requesting a status update regarding defendant Cristian Ulmanu.

As background, during a December 3, 2020 status conference, defense counsel raised concerns regarding the defendant's report to counsel of COVID-19 symptoms (*see* Dkt. 390 at 1), and the Court instructed the Government to facilitate communication between defense counsel and counsel for the Federal Bureau of Prisons (the "BOP") regarding the defendant's medical issues. On December 3, the Government emailed BOP counsel and defense counsel, to facilitate communication between them. (Dkt. 390-2 at 2-3). On December 3, BOP counsel responded. (*Id.* at 2). On December 3, defense counsel sent a follow-up email (*id.*), and, on Friday, December 4, BOP counsel responded (*id.* at 1). On Friday, December 4, defense counsel sent two additional follow-up emails. (*Id.*).

On Saturday, December 5, the defendant filed a motion asking the Court to direct the BOP to bring the defendant to a hospital forthwith. (Dkt. 390). That same day, the Government ensured that the BOP was aware of the defendant's motion. On Sunday, December 6, the BOP sent the Government the defendant's then-current medical records and authorized the Government to share those records with defense counsel.[1]  On December 6, the Government shared those records with defense counsel.

---

[1] The Government attaches those medical records as Exhibit A and respectfully requests that Exhibit A be filed under seal.

1

Today, on December 7, the BOP sent defense counsel and the Government updated medical records, reflecting that the defendant's December 4 COVID-19 test was positive.[2] On December 7, defense counsel requested a call with the defendant.

After the Court issued the Order, the defendant filed a letter noting that defense counsel had a call with the defendant. (Dkt. 392 at 2). The defendant withdrew the request that the Court direct the BOP to bring the defendant to a hospital forthwith and instead asked the Court to direct that the defendant be examined by medical staff, that he be provided appropriate medication, that he be consulted by medical personnel on a daily basis, that the BOP update defense counsel and the Government about the defendant's medical condition on a daily basis, and that the defendant be taken to a hospital if the defendant's condition worsens. (*Id.* at 2-3).

The Order requests a report on these five topics:

**1. The defendant's current condition and custodial placement**. On December 4, the defendant was tested for COVID-19. The results of that test were positive. (Ex. B). On December 6, BOP received those results. On December 7, BOP counsel Nicole McFarland received those results and sent them to defense counsel and the Government. On December 7, BOP counsel informed the Government that the defendant is housed in Unit 73 of the Metropolitan Detention Center and is in quarantine in a cell with another inmate who has also tested positive for COVID-19.

**2. The date of the defendant's last clinical assessment and COVID-19 test**. On December 7, BOP counsel informed the Government that the defendant's last clinical assessment was on December 7. The defendant's last COVID-19 test was on December 4.

**3. The defendant's most recent COVID-19 test results**. The defendant's most recent COVID-19 test was the December 4 COVID-19 test that came back positive. The medical records that the Government received on December 6 reflect that the defendant also received COVID-19 tests on September 23, 2020, October 1, 2020, and November 30, 2020, and that those tests came back negative. (Ex. A PDF pages 3, 12, 153, 163-64, 166-67).

**4. The defendant's current temperature**. On December 7, BOP counsel informed the Government that, on December 7, the defendant's temperature was 98.3 degrees Fahrenheit. On December 7, BOP counsel informed defense counsel and the Government that, on December 6, the defendant's temperature was 98 degrees Fahrenheit. The defendant's medical records reflect that on December 4 the defendant's temperature was 98.5 degrees Fahrenheit. (Ex. A PDF page 71).

---

[2] The Government attaches those medical records as Exhibit B and respectfully requests that Exhibit B be filed under seal.

**5. Any treatment being provided**. On December 7, BOP counsel informed the Government that the defendant is not currently being provided any COVID-19 treatment.[3]

Insofar as Defendant has a high-risk underlying condition and defense counsel reports that the Defendant has not been queried about his COVID 19 symptoms and has been medicating himself informally with borrowed pills of some type (see DE #392), the BOP is directed to provide an assessment of the Defendant's condition by a qualified medical professional and provide medication, if any, that is appropriate and any other appropriate treatment, and provide defense counsel and the Government with a daily report regarding the Defendant's condition (it appears from the above information that Defendant is seen by medical staff each day), beginning December 8, 2020.  This order is without prejudice to any further relief that may be required.  The medical records accompanying the Government's status report (DE#394)  shall be filed under seal. DE## 390, 392, 394 resolved. SO ORDERED.
12/7/2020
/s/ Laura Taylor Swain, USDJ

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By: _____
Elizabeth A. Hanft
Samuel P. Rothschild
Robert B. Sobelman
Assistant United States Attorneys
(212) 637-2334/2504/2616

cc:   Daniel S. Parker, Esq. (by ECF and email)

   Christina S. Cooper, Esq. (by ECF and email)
   Adam Johnson, Esq. (by email)
   Nicole McFarland, Esq. (by email)
   Sophia Papapetru, Esq. (by email)

---

[3] The defendant has diabetes (Dkt. 390 at 1), and the medical records that the Government received on December 6 reflect that the defendant's blood glucose is being tested approximately daily, and sometimes more than once per day, including as recently as December 6 (Ex. A PDF pages 73-92, 114-40), and that the defendant has been receiving insulin, including as recently as December 6 (Ex. A PDF pages 95-110).

3