**PARKER AND CARMODY, LLP**
ATTORNEYS AT LAW
850 THIRD AVENUE
14TH FLOOR
NEW YORK, N.Y. 10022

DANIEL S. PARKER
MICHAEL CARMODY
CHRISTINA S. COOPER

TELEPHONE: (212) 239-9777
FACSIMILE: (212) 239-9175
DanielParker@aol.com

January 14, 2021

**By ECF**
Hon. Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**

<u>Re: United States v. Mircea Constantinescu, as to Cristian Ulmanu</u>
<u>19 Cr. 651 (LTS)</u>

Dear Judge S[1]wain:

I am sorry to have to trouble the Court with this request, but I write asking the Court to direct the Bureau of Prisons bring Mr. Ulmanu brought to a hospital so he can be examined and treated for an umbilical hernia condition.

The BOP has denied my request on behalf of Mr. Ulmanu, telling me that "… hernia repair … is "considered elective, not medically necessary." Attached hereto as Exhibit A is a series of emails between counsel for Mr. Ulmanu and the BOP Metropolitan Detention Center with regard to this issue.

Mr. Ulmanu advises me that he had the hernia condition prior to his arrest and that he had a host of other medical problems in the past that prevented him from having surgery at the time. He has told me that his condition has worsened since his incarceration and that he is in constant pain/discomfort.

The BOP, in denying a request that Mr. Ulmanu be brought to a hospital where he could be examined and treated for his hernia, claims that Mr. Ulmanu "indicated he can perform daily living activities." Although I am not sure how the BOP defines "daily living activities," Mr. Ulmanu told counsel that he is in constant discomfort and pain. Moreover, he told counsel that

---

[1] This request is not related to a prior series of requests that Mr. Ulmanu be evaluated, treated, and thereafter monitored following his diagnosis of COVID.

1

nearly a year ago, he was supposed to be examined at the hospital, but because he had coffee in the morning, no test was performed.

In its email advising me that Mr. Ulmanu's painful condition "does not present with an emergent condition," the BOP asserts that the prior hospital visit was for a nuclear stress test, not related to his hernia.

Accordingly, to the extent that Mr. Ulmanu requires and has still not been given a nuclear stress test, then we also request that he be brought to the hospital for that purpose – with the additional instruction that he be notified of the scheduled visit in advance so that he does drink a cup of coffee on the scheduled day of the visit.

Given his medical conditions and the BOP's decision not to treat his hernia, I ask the Court direct that he be brought to a hospital, examined by a doctor, and advised whether hernia repair is appropriate along with his being administered a nuclear stress test, if necessary.

Thank you for your attention to this matter.

The Government is directed to file a status report on Mr. Ulmanu's clinical condition , any treatment that is currently being provided, and the BOP's plans, if any, to provide additional medical investigation of the hernia and/or a stress test,  The status report must be filed by January 22, 2021. Medical records and detailed medical information may be filed in redacted form, with the unredacted originals provided to Chambers and Mr. Ulmanu's counsel by email and filed in hard copy with the Clerk, with a copy of this endorsed order.  DE#440 resolved.
SO ORDERED.
1/14/2021
/s/ Laura Taylor Swain, USDJ

Respectfully,

Daniel S. Parker
Christina S. Cooper
Attorneys for C. Ulmanu
Parker and Carmody, LLP
850 Third Avenue
14th Floor
New York, NY 10022
Cell: 917-670-7622
DanielParker@aol.com

Cc: All parties (by ECF) and
AttorneyMedicalRequests@bop.gov
spapapetru@bop.gov,
a10johnson@bop.gov,
jxxwallace@bop.gov,
nmcfarland@bop.gov,
Samuel.Rothschild@usdoj.gov,
Elizabeth.Hanft@usdoj.gov,
Robert.Sobelman@usdoj.gov,
deirdre_vondornum@fd.org

2