**PARKER AND CARMODY, LLP**
ATTORNEYS AT LAW
30 EAST 33RD STREET
6TH FLOOR
NEW YORK, NY 10016

DANIEL S. PARKER
MICHAEL CARMODY
CHRISTINA S. COOPER

TELEPHONE: (212) 239-9777
FACSIMILE:  (212) 239-9175
DanielParker@aol.com

December 30, 2021

**By ECF and email**
Hon. Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**

Re: United States v. Cristian Ulmanu – Reg. # 87319-054
19 Cr. 651 (LTS)

Dear Judge Swain:

    I write (again) seeking the Court's immediate assistance with regard to Cristian Ulmanu, who is incarcerated at the MDC and who informed me late last night that he is now COVID positive for the second time.

    I emailed the BOP this morning and was told that the BOP could not confirm with me that Mr. Ulmanu has COVID again because the HIPAA form previously authorizing it to discuss his medical condition with me was "… from more than one year ago.  The HIPPA form traditionally expire in 90 days or One year.  We are past both dates."[1]

---

[1] I am not aware of any such rule that a duly signed HIPAA form expires because the BOP decides it no longer wishes to accept it. Moreover, given the urgency of this situation and the fact that I am unable to go to the MDC and meet with Mr. Ulmanu (presuming he has COVID), then the absurdity of this response is reminiscent of Joseph Heller's *Catch 22*. The BOP's response that "traditionally" HIPAA forms expire in 90 days or one year is, simply put, indicative that there is no such mandate that a previously duly signed HIPAA form from Mr. Ulmanu is no longer valid.

1

In my email to the BOP this a.m., I asked to be advised "…whether [his most recent COVID diagnosis] … is confirmed, the status of his health and whether he should be brought to a hospital …"[2]

I was told:

> "Medical is assessing inmates on every housing unit daily. Should your client have any medical concerns, they will be assessed as appropriate."

(See Exhibit A attached hereto)

According to information conveyed to the Government a few minutes ago (not counsel) by the BOP, Mr. Ulmanu was examined and his glucose levels are being monitored because of his diabetes.

Although I am somewhat chastened by the attached email, given the BOP's prior "boilerplate" response, given Mr. Ulmanu's precarious medical condition, and given the BOP's track record in failing to provide him with adequate care the last time he was diagnosed with COVID, I have no alternative but to ask the Court to intervene.[3]

Specifically, I ask the Court to direct that:

1. Mr. Ulmanu be examined daily by someone from the medical staff at MDC;
2. Mr. Ulmanu be provided with any appropriate medication that can be used to treat his symptoms;
3. Mr. Ulmanu be consulted by medical personnel on a daily basis about his condition and said consultation should not be limited to someone merely taking his temperature;
4. The BOP should provide the Government and counsel with a daily update as to Mr. Ulmanu's medical condition; and
5. If Mr. Ulmanu's condition worsens, he should be taken forthwith to a hospital.

In addition, on December 20, 2021, I was informed by the USMS that Mr. Ulmanu was scheduled to be released on December 29, 2021. (See email attached hereto as Exhibit C). I assume, but do not know, whether his release from custody (to presumably an Immigration Detention facility) has been delayed as a result of his being diagnosed and/or quarantined as a

---

[2] Although the BOP refused to confirm Mr. Ulmanu's medical condition with me, I spoke with AUSA Hanft a few moments ago, who told me that she was advised by the BOP that Mr. Ulmanu was confirmed positive for COVID on 12/28/21. (See copy of relevant email attached hereto as Exhibit B)

[3] See Dkt. 395, Order by Court regarding Mr. Ulmanu's prior COVID diagnosis directing BOP to follow certain procedures, dated Dec. 7, 2020.

result of COVID. I ask that the Court direct the BOP to provide further information regarding his release.

To the extent that the Court believes other and further relief is appropriate, we rely on the Court's discretion to direct such relief. In the event that the Court requires further information, I am available at the Court's convenience.

Once again, thank you for your immediate attention to this matter.

The Court acknowledges the foregoing letter from defense counsel and the urgency of his concerns regarding Mr. Ulmanu's serious medical conditions and infection with COVID-19. The Government is directed to provide a copy of this memo-endorsed order, to its contact at the BOP promptly and to continue to maintain contact with defense counsel regarding Mr. Ulmanu's health status and release from BOP custody. The Government is hereby ordered to provide an update to the Court by January 3, 2022, at 12:00 p.m. as to Mr. Ulmanu's health and release status. Dkt. no. 946 resolved.
SO ORDERED.
12/30/2021
/s/ Laura Taylor Swain, Chief USDJ

Respectfully,

Daniel S. Parker
Christina S. Cooper
Attorneys for C. Ulmanu
Parker and Carmody, LLP
30 East 33rd Street
6th Floor
New York, NY 10016
Cell: 917-670-7622
DanielParker@aol.com

Cc: All parties (by ECF) and
AttorneyMedicalRequests@bop.gov
spapapetru@bop.gov,
jxxwallace@bop.gov,
nmcfarland@bop.gov,
Samuel.Rothschild@usdoj.gov,
Elizabeth.Hanft@usdoj.gov,
Robert.Sobelman@usdoj.gov,
deirdre_vondornum@fd.org